Paul D. Ticen (AZ Bar # 024788)
**Kelley / Warner, P.L.L.C.**
8283 N. Hayden Road, #229
Scottsdale, Arizona 85281
Tel: 480-636-8150
Fax: 480-907-1235
Email: paul@kellywarnerlaw.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 4 PEAKS TECHNOLOGY, L.L.C., an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>YESOCHER GREEN D/B/A DOZENEGG; JOHN AND JANE DOES I-x; ; ABC PARTNERSHIPS I-X; DEF BLACK & WHITE LIMITED LIABILITY COMPANIES I-X; AND XYZ CORPORATIONS I-X,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff 4 Peaks Technology, L.L.C., through undersigned counsel, alleges as follows:

### **NATURE OF THE ACTION**

1. This action seeks claims for relief for Defendant's willful violations involving Plaintiff 4 Peaks Technology's intellectual property rights in its inherently distinctive trade dress. The claims for relief include (1) trade dress infringement, (2) false designation of origin; (3) false advertising, (4) common law unfair competition, (5) use of counterfeit mark - A.R.S. § 44-1453; (6) intentional interference with contractual relations and/or expectancy, (7) unjust enrichment, and (8) preliminary and permanent

Kelly / Warner, PLLC.
8283 North Hayden Road, Suite 229
Scottsdale, AZ 85258
Telephone: (480) 331-9397

injunction.

## THE PARTIES

2. Plaintiff 4 Peaks Technology is a limited liability company organized and operating out of the State of Arizona.

3. On information and belief, Defendant Yesocher Green is a New Jersey resident doing business as DOZENEGG out of a residence located at or near 221 Regent Drive, Lakewood Township, New Jersey 08701.

4. Plaintiff has not ascertained the true names and capacities of defendants JOHN AND JANE DOES I-x; ; ABC PARTNERSHIPS I-X; DEF BLACK & WHITE LIMITED LIABILITY COMPANIES I-X; AND XYZ CORPORATIONS I-X, Plaintiff will amend this complaint and allege the true names of these fictitious defendants if and when they are ascertained.

## JURISDICTION

5. This Court has jurisdiction over this action under 28 U.S.C § 1331 because it is an action arising under the laws of the United States, specifically, violations of the Lanham Act pursuant to 15 U.S.C. §1125(a) for trade dress infringement, false designation of origin, sponsorship or association, false descriptions and representation of fact, and false advertising.

6. This Court has supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367 because these claims share a common nucleus of operative facts with Plaintiff's federal claims.

7. This Court has specific personal jurisdiction over Defendant who purposely directed his commercial activities under the fictitious business name DOZENEGG toward the state of Arizona by offering for sale and selling the EZ-DUZ-IT can opener to Arizona residents through Amazon.com's national sales platform and selling the EZ-DUZ-IT can opener to one of Plaintiff's members, an Arizona Resident. This action is based upon activities that arise out of or relate to these contacts.

8. This Court has general personal jurisdiction over Defendant Yesocher

2

Green doing business under the fictitious business name DOZENEGG, whose contacts with Arizona are substantial, continuous, and systematic based on a substantial volume of sales through Amazon.com's national sales platform, including selling eighty-four separate items, receiving 1021 separate customer ratings[1] over the past year, including customer ratings from Arizona, and electing to have Amazon.com fulfill orders from fulfillment centers located throughout the country, including four fulfillment centers located in Arizona.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) since Defendant conducts continuous and systematic commercial activity related to the trade dress and advertising at issue in this case in Arizona, and sold the EZ-DUZ-IT can opener to an Arizona resident and directed Amazon.com to ship same into Arizona.

## **GENERAL ALLEGATIONS**

10. Amazon.com, the world's largest online retailer, offers companies and individuals ("Amazon Seller") to sell product on a national e-commerce sales platform.

11. Amazon.com's sales platform is segmented by a wide array of categories, such as Kitchen & Dining, and subcategories within the category, such as can openers.

12. Each product sold is assigned an Amazon Standard Identification Number (ASIN), which is a unique combination of ten letters and/or numbers to identify the particular product.

13. Amazon Sellers are subject to Amazon.com implemented seller policies that prohibit, among other things, a seller from listing an item on a detail page with a particular external identifier that is different from what the seller is actually selling.

14. In February 2012, Plaintiff began selling the EZ-DUZ-IT can opener through the Amazon.com Sales Platform.

---

[1] According to the Feedback FAQ on amazon.com, most Amazon Sellers receive customer feedback from between 10% and 20% of total sales. http://www.amazon.com/gp/help/customer/display.html?nodeId=1161284. Using this range as a measuring stick, Defendant's sales volume is likely somewhere in the range of 5,105 and 10,210 transactions over the past 12 months.

3

15.   Plaintiff created a separate product detail page for each EZ-DUZ-IT can opener, and was assigned ASIN B007DK6SGO (black handle), ASIN B008UX068U (red handle), ASIN B008VEY2T2 (white handle) and ASIN B00BCOS2Q2 (blue handle).

16.   Plaintiff purchases the EZ-DUZ-IT can openers directly from the John J. Steuby Company ("JJS").

17.   Plaintiff, with JJS' permission, created, has used and continues to use its trade dress as a source identifier of the EZ-DUZ-IT can opener.  The trade dress elements are green packaging with four separate images positioned vertically to the right of the can opener and white cursive writing above the can opener.  (See **Exhibit A**).

18.   This is contrasted with the standard EZ-DUZ-IT trade dress in its red, white and blue packaging.  (See **Exhibit B**).

19.   Per Plaintiff's agreement with JJS, JJS packages the black handle EZ-DUZ-IT can openers with Plaintiff's trade dress and ships same directly to Amazon fulfillment centers located throughout the country.

20.   Each of Plaintiff's four separate product detail pages contains an image bearing the can opener packaged in Plaintiff's trade dress.  (See **Exhibit C**)

21.   Plaintiff's product detail page for the black handle can opener currently ranks #4 among several hundred different product detail pages selling can openers. (Exhibit A; See **Exhibit D**).

22.   Amazon.com product detail page rankings are highly competitive, as Amazon updates the rankings by the hour, and the page rank directly correlates with the placement of the page within a customer generated search for a particular product.

23.   Plaintiff's product detail page for the black handle has 456 customer reviews, out of which 415 are five out of five stars.  (Exhibit A).

24.   On information and belief, the quantity of a particular product detail page's customer reviews and quality of star ratings significantly influences purchasing decisions.

4

25. In March 2013, Plaintiff applied for and received a brand registry for its four product detail pages, enabling Plaintiff to control its brand, and keep other Amazon Sellers from selling the identical product on the registered product detail pages.

26. On or about May 29, 2013, Defendant operating under the name DOZENEG, listed its product on Plaintiff's product detail page for the black handle can opener. (Exhibit A).

27. Plaintiff's product detail page identified Plaintiff, but reflects that the black handle EZ-DUZ-IT is sold by DOZENEGG, even though Plaintiff never authorized Defendant to lists its product on Plaintiff's product detail page or authorized Defendant to sell the black handle EZ-DUZ-IT in Plaintiff's trade dress. (*Id.*).

28. In June 2013, one of Plaintiff's members did a test purchase of the black handle EZ-DUZ-IT from Defendant on Plaintiff's product detail page, but rather than receive the black handle EZ-DUZ-IT in Plaintiff's trade dress, the can opener arrived in standard EZ-DUZ-IT packaging.  (See **Exhibit E**)

29. Plaintiff contacted Amazon's support teams based on the fact that Defendant was violating Amazon.com's Seller Policies by listing an item for sale on a product detail page that was different than what Defendant was actually selling.

30. Amazon.com removed Defendant three separate times from Plaintiff's product detail page, but undeterred, Defendant continued to re-list its product on the page where it remains today.  .

31. In June, Plaintiff contacted Defendant several times through the "Contact the Seller" ("CTS") portal on Defendant's Amazon storefront.  Each time, Defendant ignored Plaintiff.

32. On June 7, 2013, Plaintiff sent Defendant a cease and desist letter through the CTS portal demanding that Defendant remove his listing from Plaintiff's product detail page.  Defendant ignored the letter.

33. On information and belief, Defendant's received both Plaintiff's messages and the Cease and Desist letter through the CTS portal based on the fact Defendant

**Kelly / Warner, PLLC.**
8283 North Hayden Road, Suite 229
Scottsdale, AZ 85258
Telephone: (480) 331-9397

1 responded to other communication from Plaintiff sent through the CTS portal and no
2 communication failure messages were received.

### FIRST CLAIM FOR RELIEF
### (Trade Dress Infringement - 15 U.S.C. § 1125(a))

34. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

35. Plaintiff packages, advertises, markets and sells the black handle EZ-DUZ-IT can opener through the Amazon.com marketplace and sales platform in its inherently distinctive and non-functional packaging.

36. The elements of Plaintiff's distinctive trade dress is green packaging with four separate images positioned vertically to the right of the can opener and white cursive writing above the can opener.

37. Plaintiff creates and uses its distinctive trade dress in a non-functional way as a source identifier of an otherwise relatively fungible product by differentiating it from other Amazon Sellers who sell the EZ-DUZ-IT can opener and other can openers on the Amazon.com sales platform.

38. Plaintiff markets, offers for sale and sells the EZ-DUZ-IT can opener in its distinctive trade dress on its four separate product detail pages.

39. Defendant has been using Plaintiff's distinctive trade dress in commerce by marketing and offering for sale the black handle EZ-DUZ-IT can opener in same by listing its product on Plaintiff's product detail page without permission and in violation of Amazon.com Seller Policies.

40. Defendant's marketing and offering to sell the EZ-DUZ-IT can opener in Plaintiff's distinctive trade dress on Plaintiff's product detail page is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality and nature of Defendant's goods.

41. As a direct and proximate result of such unfair competition Plaintiff has sustained, and continues to sustain, actual damages from lost revenue and Defendant

6

have realized ill gotten profits, and Plaintiff will continue to suffer irreparable harm to its reputation.

42. Defendant has willfully and intentionally infringed upon Plaintiff's trade dress based on the fact Defendant directly competes with Plaintiff for sales revenue, violated Amazon.com's seller policies, has re-listed its product on Plaintiff's product detail page a total of four times after being taken off by Amazon.com three times, and has ignored all demands to remove its listing.  As a result, Plaintiff is entitled to a enhanced damages and an award of costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (False designation of origin, - 15 U.S.C. § 1125(a))

43. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

44. Defendant uses Plaintiff's trade dress and Plaintiff's goodwill in commerce by listing its product for sale on Plaintiff's product detail page to Amazon customers.

45. Defendant's use constitutes a false designation of origin and/or false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's use of Plaintiff's distinctive trade dress and/or authorization by Plaintiff for Defendant to sell the black handle EZ-DUZ-IT can opener on Plaintiff's product detail page.

46. Defendant's use of Plaintiff's distinctive trade dress and the goodwill associated with Plaintiff's product detail page, without permission, constitutes intentional conduct in knowing violation of Plaintiff's intellectual property rights and Amazon's Seller Policies.

47. As a direct and proximate result of such unfair competition Plaintiff has sustained, and continues to sustain, actual damages from lost revenue and Defendant have realized ill gotten profits, and Plaintiff will continue to suffer irreparable harm to its reputation.

7

48. Defendant has willfully and intentionally engaged in unfair competition based on the fact Defendant directly competes with Plaintiff for sales revenue, violated Amazon.com's seller policies, has re-listed its product on Plaintiff's product detail page a total of four times after being taken off by Amazon.com three times, and has ignored all demands to remove its listing. As a result, Plaintiff is entitled to a enhanced damages and an award of costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (False Advertising - 15 U.S.C. § 1125(a))

49. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

50. Defendant has made and is making, in commercial advertising and/or promotion, false and/or misleading representations of fact that it is selling the black handle EZ-DUZ-IT can opener packaged in Plaintiff's distinctive trade dress through use of an image in the advertisement viewable by potential customers and/or that Defendant are authorized retailers of Plaintiff's can opener and/or that the product detail page's high rank and that the quantity and quality of the customer reviews are attributable to Defendant's services in selling the EZ-DUZ-IT can opener.

51. Defendant's advertised listing is literally false and has actually deceived and/or deceived a substantial segment of potential customer audience who believe that Defendant is selling the EZ-DUZ-IT can opener packaged in Plaintiff's distinctive trade dress, but in fact, Defendant sells the EZ-DUZ-IT can openers in standard John J. Steuby packaging, and/or that Defendant is Plaintiff's authorized sellers when in fact Defendant is not and has never been, and/or that the product detail page's high rank and/or the quantity and quality of customer reviews is attributable to Plaintiff's goodwill established by Plaintiff's efforts in selling the EZ-DUZ-IT can opener.

52. The deception involving the use of the image, appearance of being an authorized seller, and the goodwill established by product detail page's high rank within the subcategory of can openers and the quantity and quality of customer reviews, are

Kelly / Warner, PLLC.
8283 North Hayden Road, Suite 229
Scottsdale, AZ 85258
Telephone: (480) 331-9397

material to and more likely than not to influence purchasing decisions.

53.     Defendant's false advertising through Amazon.com sales platform, has caused falsely advertised goods to enter interstate commerce, based on likely sales to customers in Arizona and throughout the United States.

54.     As a direct and proximate result of Defendant's false advertising, Plaintiff has suffered and continues to suffer actual damages from lost revenue and Defendant has realized ill gotten profits, and Plaintiff will continue to suffer irreparable harm to its reputation.

55.     Plaintiff has been and is likely to continue being injured as Defendant's false advertising hijacking of Plaintiff's product page and false advertising thereon, has diverted sales and sales opportunities from it to Defendant and/or by lessening the goodwill that Plaintiff has created through its product page.

56.     Defendant has willfully and intentionally engaged in unfair competition based on the fact Defendant directly competes with Plaintiff for sales revenue, violated Amazon.com's seller policies, has re-listed its product on Plaintiff's product detail page a total of four times after being taken off by Amazon.com three times, and has ignored all demands to remove its listing.  As a result, Plaintiff is entitled to a enhanced damages and an award of costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Common Law - Unfair Competition)**

57.     All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

58.     Plaintiff's product packaging constitutes distinctive trade dress and is a source identifier of the black handle EZ-DUZ-IT can opener in Arizona commerce through the Amazon sales platform.

59.     Plaintiff use of its distinctive trade dress and creation of its Amazon product page was prior to Defendant's hijacking of Plaintiff's product page.

60.     Defendant's misappropriation of Plaintiff's distinctive trade dress,

9

goodwill, and passing off that Defendant is an authorized seller is likely to cause confusion, cause a mistake, or deceive a person as to the affiliation, connection or association of the Plaintiff with another person, or the origin, sponsorship or approval of the goods, services, or commercial activities by Plaintiff.

61. Defendant's misappropriation has and will likely continue causing damage to Plaintiff in degrading her good will, and in generating business with potential customers.

62. As such, Plaintiff is entitled to such injunctive relief restraining such acts as this Court deems just and reasonable, under A.R.S. § 44-1451, and also entitled to the defendant's profits, any damages sustained by the Plaintiff.

**FIFTH CLAIM FOR RELIEF**
**(Use of Counterfeit Mark - A.R.S. § 44-1453)**

63. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

64. Defendant knowingly and with intent to advertise, display and offer to sell the black handle EZ-DUZ-IT can opener bearing Plaintiff's intellectual property, namely, Plaintiff's distinctive trade dress and on Plaintiff's product detail page bearing Plaintiff's intellectual property, namely its trade name and goodwill, in violation of A.R.S. § 44-1453.

65. Plaintiff owns the intellectual property counterfeited by Defendant and has sustained a loss as a result of Defendant's violation of A.R.S. § 44-1453.

66. Plaintiff is entitled to treble damages, costs and reasonable attorneys fees pursuant to A.R.S. § 44-1453, remedies available under § 44-1451 and all other available remedies at law and equity.

**SIXTH CLAIM FOR RELIEF**
**(Intentional Interference with Contractual Relations and/or Expectancy)**

67. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

Kelly / Warner, PLLC.
8283 North Hayden Road, Suite 229
Scottsdale, AZ 85258
Telephone: (480) 331-9397

10

68. Plaintiff has existing business relationship with Amazon, including an approved brand registry, that gives Plaintiff exclusive use of its product detail page on the Amazon.com national sales platform to sell goods and generate revenue

69. Plaintiff also has a reasonable expectation of future business relationships with Amazon customers looking to purchase the black handle EZ-DUZ-IT can opener who are reasonably likely to be influenced to purchase from Plaintiff's product detail page based on the high page ranking and quality and quantity of customer reviews.

70. At all materials times, Defendant was aware of Plaintiff's existing contractual relationship and continued contractual expectancy with Amazon.com giving Plaintiff the right to generate sales on Plaintiff's product detail page through the Amazon.com sales platform, Defendant has engaged in a course of conduct by listing a competing product intended to deprive Plaintiff of sales opportunities and revenue, that such conduct violates Amazon.com's seller policies, and/or Defendant was aware that Plaintiff reasonably expected to enter into future contractual relations with Amazon.com customers based on the product detail page rank and/or quantity and quality of customer reviews, and engaged in a course of conduct by listing a competing product intended to deprive Plaintiff of reasonably expected sales opportunities and revenues.

71. As described herein, Defendant intentionally and/or purposefully interfered with Plaintiff's existing and prospective relationships by listing its competing product on Plaintiff's product detail page., as described in this Complaint.

72. As a direct and proximate result of Defendant's intentional acts, Plaintiff has sustained and will continue sustaining immediate and irreparable harm and injury including damage to reputation, loss of good will, loss profits and loss of competitive business advantage, opportunity and/or expectancy.

73. Plaintiff has suffered general and special damages in an amount to be proven at trial.

74. Defendant's conduct was and continues to be intentional, willful, malicious, fraudulent and oppressive, and done for the purpose of causing injury to

11

Plaintiff, its competitor, for Defendant's benefit.

75. For such willful, malicious, fraudulent and oppressive acts, Plaintiff hereby seeks exemplary damages in addition to its actual damages.

### SEVENTH CLAIM FOR RELIEF
### (Unjust Enrichment)

76. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

77. Defendant has benefited and continues benefiting by listings its product for sale and selling its product on Plaintiff's product detail page that has a high page rank and/or the quantity and quality of customer reviews that are likely to influence purchasing decisions.

78. Defendant has been enriched by enjoying and using this benefit through sales opportunities and revenue that it otherwise would not have had.

79. Plaintiff has been injured by Defendants hijacking its page, and thereby depriving Plaintiff of lost sales opportunities and/or revenue.

80. Defendant has no justification to keep the benefit after engaging in the acts described herein because the acts are without authorization, infringe Plaintiff's intellectual property rights and/or in violation of Amazon.com's seller policies..

81. Plaintiff has been damaged, and continues to be damaged, as a result, and Defendant unduly enriched in an amount to be proven at trial.

### EIGHTH CLAIM FOR RELIEF
### (Preliminary and/or Permanent Injunction)

82. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

83. As a direct and proximate result of Defendant's course of conduct described herein, Plaintiff has sustained, and will continue sustaining immediate and irreparable harm and injury including, but not limited to, damage to reputation, lost revenue, lost goodwill.

84. A substantial risk exists that unless Defendant's wrongful acts described

herein, are preliminarily and/or permanently enjoined, Defendant will continue to irreparably injure Plaintiff.

85. Plaintiff has no adequate remedy at law, and therefore, Plaintiff is entitled to injunctive relief.

## DEMAND FOR JURY TRIAL

86. Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. For a preliminary and permanent injunction compelling Defendant to remove its listing from Plaintiff's product page and to refrain doing so in the future.

B. For compensatory damages, consequential, punitive and/or statutory damages in an amount to be determined at trial.

C. For treble damages pursuant to A.R.S. § 44-1453.

D. For Plaintiff's reasonable attorneys' fees pursuant to A.R.S. §44-1453 and other applicable statutes, which are not less than $6,500 in the event of a default.

E. For a constructive trust and accounting on Defendant's ill gotten profits.

F. For prejudgment and post-judgment interest at the highest legal rate available.

G. For costs incurred herein.

H. Plaintiff hereby reserves the right to elect the applicable remedies if and when appropriate; and

I. For such other and further relief as the Court deems just and proper.

1    RESPECTFULLY submitted this 23rd day of July, 2013.

**KELLY / WARNER, PLLC**

By   /s/ Paul D. Ticen
Paul D. Ticen
8283 N. Hayden Road, #229
Scottsdale, Arizona 85281
Attorney for Plaintiff